HARDY, Judge.
This is an action for compensation in which plaintiff claims that as the result of an accident while engaged in manual labor in the course and scope of his employment on Thursday, March 6, 1952, he sustained a bilateral inguinal hernia which has caused him to be totally and permanently disabled. After trial there was judgment in favor of plaintiff at the rate of $23.40 per week for 400 weeks, from which defendants, the employer and his insurer, have appealed.
This matter presents purely an issue of fact. There is no dispute as to the employment, the rate of pay, nor as to the fact that plaintiff at the time of trial and for some time prior thereto suffered from the disability of which he complains. However, defendant stoutly denies that the disability resulted from the accident as claimed by plaintiff, and as a result we are confronted with the question of a determination as to whether plaintiff has established any causal connection between the alleged accident and the claimed resulting injury. We think it should be pointed out that plaintiff did not allege, nor does he make any claim, to the aggravation of any pre-existing injury or disability, and for this reason the matter resolves itself very simply and conclusively into a proposition of causal connection between accident and injury.
Plaintiff contends that on the day and date aforesaid, while working with a crew in turning heavy concrete forms, he sustained a sudden, stinging pain with an at *421 tendant feeling of nausea; that he finished the day’s work after - the time of the accident at about 4:00 o’clock and worked the following day at light labor; that he reported his accident to his employer early the following Monday morning and was referred to a physician for examination. Suit was filed within three weeks following the date of the accident. One other fact which we think significant, for reasons hereinafter set forth, is that plaintiff had sustained a hernia some twenty-five years more or less prior to the alleged accident, which had been successfully repaired by an herniotomy.
In written opinion the district judge pitched his reasons for judgment primarily upon the conclusion that plaintiff had impressed the court as an honest, hard-working man who would never fake an injury and that his medical expert testified that his examination some four days after the accident disclosed the hernia, and further, based on the history given by plaintiff, the said expert concluded that the hernia was caused as alleged by the plaintiff.
We have examined the record before us with exceptional care, not only-'because of the nature of the -case but by reason of our deference to the factual findings of our learned brother of the district court.
The pertinent facts disclosed by the record are so inconsistent with plaintiff’s claims and contentions that they cannot possibly be reconciled within any rule of reason or human experience. We do not wish to be understood as -finding plaintiff guilty of malingering, but we do think there has been a complete and absolute failure, as far as proof is concerned, to connect the alleged circumstances of the accident with the resulting injury and consequent disability.
At the time of the alleged accident plaintiff was working with three fellow employees, all of whom appeared as witnesses on behalf of defendants and all of whom uniformly testified that plaintiff made no outcry, evidenced no symptoms of pain or discomfort, and continued his work with the crew until quitting time. This testimony is corroborated by that of plaintiff himself who affirmatively testified that he made no complaint; that he continued with his work; that he worked the following day, and that he reported his accident to his employer only some four days later.
Admittedly strange and almost inexplicable conditions and situations result from physical accidents. We are prepared to concede that plaintiff might have sustained the injury alleged; that he might have suffered without complaint, and that he might have continued the ordinary and usual routine of his labor for a period of time, 'but we cannot subscribe to the conclusion that in the ordinary and reasonable course of events plaintiff sustained the injury complained at the time and through the agency alleged. Adequate proof of this point is entirely lacking.
There are so many discrepancies, in plaintiff’s testimony that we think it unnecessary to relate them in detail. However, as of particular significance, we point out the fact that plaintiff contends he did not know at the time of his injury, and yet a few days later he reported to his employer, that he had suffered a double hernia at the time of the so-called accident. Plaintiff further testified that he had not consulted the doctor, to whom he reported for examination, nor had he received any advice with respect to operative repair of his injury. This testimony was not only to a degree refuted by plaintiff himself on cross-examination, but it was squarely controverted by his medical witness. The testimony of this witness is so inconsistent in some respects, particularly with reference to the fact that he testified that the plaintiff did not know at the time he reported for examination the nature of his injury but later the witness testified -that plaintiff realized he had a hernia and that he advised him as to operative procedure. It must also be borne in mind that in the meantime, that is, between the time of the accident and the examination by this physician, plaintiff had informed his employee in no uncertain terms that he had sustained a hernia.
It would be thoroughly and completely unreasonable to assume that a man who had once sustained a hernia and submitted to operative repair thereof would be completely unaware of and insensible to the symp *422 toms attendant upon such an injury. The plaintiff as a witness comported himself as a man of reasonable intelligence and understanding. Despite his so-called phlegmatic temperament, as testified by his examining physician and his fellow laborers, and which quality is emphasized by his distinguished counsel, it must be concluded that if plaintiff suffered an accidental injury of the nature alleged he would, within reason, have made the same known.
The learned judge of the district court compared, or contrasted, the testimony of the two medical witnesses, one for plaintiff and one in behalf of defendant, and concluded that the testimony of the former was entitled to the greater weight and consideration. We cannot so find. Conceding the qualifications of the medical witness for plaintiff, we do not find anything in the record which compares with the established qualifications of the witness for defendant. The qualifications of plaintiff’s doctor, set forth in the record, shows that he has practiced “here” (presumably in Minden) for thirteen years minus time out for the war; and that he examined plaintiff on March 10, 1952. The testimony of the medical expert for defendant was to the effect that he was graduated from Tulane University in 1938; served his residency and interne-ship at Charity Hospital; a further residency in surgery from 1938 to 1941; was at the ordinance plant from 1941 to 1945, since which time he has been in private practice in surgery; is a fellow of the American College of Surgeons; member of all private hospital staffs, and chief of a surgical service at the Charity Hospital in Shreveport; that while employed in service at the Louisiana Ordnance Plant at Minden he had occasion to consider the ten to fifteen thousand employees, examined accidents at an average rate of sixty per day, in the course of which he passed on all hernia complaints and operated on an average of one hernia case per week. This witness examined plaintiff on April 3, 1952, that is, less than thirty days following the alleged accident.
Neither medical witness, properly enough, would venture an opinion as to the time of duration of the hernia from which both found plaintiff to 'be suffering, and both reasonably and honestly admitted that the time of duration could not be accurately estimated. However, it is worthy of notice that plaintiff’s expert witness was frank to admit that he accepted plaintiff’s history of accident as the hypothesis upon which he predicated his conclusion. If -by the preponderance of the evidence plaintiff had sustained his historical proposition unquestionably he would be entitled to recovery. However, in our opinion he has woefully failed, in an evidential sense, to establish such connection.
Under the facts, according to our examination and evaluation, plaintiff has failed to satisfactorily establish a causal connection between his disability and the alleged accident. We do not discount the testimony of plaintiff, nor of his wife, nephew and a neighbor in support of his claims, but none of this testimony can be considered to be in the slightest degree affirmative, and, to predicate a conclusion upon such evidence, would necessitate a reliance upon speculation, conjecture and possibility.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of defendants rejecting plaintiff’s demands at his cost.