GLADNEY, Judge.
This appeal is by the workman’s compensation insurer from a judgment favorable to plaintiff, Cass L. King. The petition alleges King while at work and performing services within the course of his employment with Foster & Creighton Company, the defendant’s insured, on October 22, 1953 suffered a left inguinal hernia which injury has rendered him totally and permanently disabled. He relates the injury was sustained when he and four other employees were carrying a large overhead form to be placed in a position which required him to make a step-down of fifteen inches or more.
At the commencement of the trial defendant’s counsel stipulated the only contested issues involved to be whether the employee sustained the hernia on the job, and if there is any causal connection between the hernia he presently has and his employment.
In view of this admission, the legal burden resting upon plaintiff is that he must establish to a legal certainty by a reasonable preponderance of the evidence he sustained the hernia he now has while at work within the scope of his employment. In order to meet the requirements of proof in a hernia case as a rule it should be proven: that there was an injury resulting in hernia; the sudden appearance of the hernia; that it occurred immediately following the injury; and that prior to the injury it did not exist in such degree as to disable the worker appreciably. Louisiana Workmen’s Compensation Law and Practice, Malone, pp. 302, 303.
On October 22, 1953, about 9:30 A.M. King with four other workmen, W. J. Faircloth, June Powell, Marion Braxton and Mason Jones, were engaged in moving a very heavy concrete form to a new position and it became necessary for the men to make a step-down of from fifteen to eighteen inches. Plaintiff testified as he was making the step-down he felt a stinging, burning pain in his left side and experienced a sensation of something tearing in his side accompanied by weakness and nausea.
Supporting the testimony of King was that of Faircloth and Allen, another coworker. Faircloth testified King! complained when the form was set down and again mentioned it the next day. Allen said plaintiff told him of the occurrence while having coffee the next day. Powell and Braxton both said they did not hear King complain. Mason Jones did not testify. Plaintiff said he attempted to get Jones to come to the trial from Center, Texas, but without success. To impeach the testimony of plaintiff defendant produced a statement given by King to the insurance investigator wherein a Mr. Long was mentioned as the fellow employee to whom complaint was made at the time of injury and Faircloth’s name was not mentioned. King explained he at that time thought Faircloth, a casual acquaintance, was named Long. Plaintiff's wife testified when her husband returned home on October 22, 1953, he told her he had hurt himself while moving a form and showed her the knot in his side.
Although a physical examination was not given King when he commenced work with Foster & Creighton in September, 1953, W. T. Berry testified he helped seine minnows with King in August, 1953, when *68 their clothes were off, had slept with him, and had known him for years, and that he had no hernia- during that time. Other witnesses testified to the same effect. It was conclusively established that prior to his work with Foster & Creighton he had engaged in heavy manual labor over a number of years and had done no heavy work since leaving that employment. Aftr er October 22, 1953, plaintiff continued to work without loss of wages until November 6, 1953, when he and others were laid off as their services were no longer needed. During this interval King worked a total of eleven ■ eight-hour days. He testified he has not worked since he left the employment of defendant’s insured except on one occasion he drove a truck for two days and had to quit as he could not do the lifting required.
A report of the injury was not made to the employer until about February 10, 1954. Plaintiff explained his failure in this respect, on the ground he expected his employer to call him back to work, that he had a .large family to support and a mortgage note coming due on his small farm and he could not meet these obligations on $30 per week compensation payments. Such an excuse was accepted in Howell v. Clemons Bros. Lumber Co., La. App.1947, 32 So.2d 60, 61, a case where the facts are somewhat like those in the instant case.
The record indicates plaintiff’s testimony was credible and free from noteworthy contradictions. In his written reasons for judgment the learned trial judge remarked:
“We tried to observe plaintiff carefully during the trial of this case and while he was giving testimony, as well .as the other witnesses in the case. We can only say that plaintiff impressed us as telling the truth and we believe his testimony. We think it is a matter of common knowledge that many men -whose only source of livelihood is the work of their hands have been known to work and to do heavy work, while having an inguinal hernia. Grave danger attaches, of course, to such a course of conduct, and there is always the danger of complications from strangulation or other serious aggravation.”
The single issue for resolution involves only the determination , of questions of fact wherein the credibility of witnesses is most important. Herein, plaintiff has established the essential facts for his recovery free from contradiction and discredited testimony as was the case in Roberts v. Savacool, La.App.1953, 66 So.2d 420. The instant case is, therefore, one in which we must agree with the conclusions of the trial judge, there appearing no manifest error in his findings..
For the foregoing reasons the judgment from which appealed is affirmed at appellant’s costs. '